

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2008

# Andrew King v. Fed Bur Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1161

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Andrew King v. Fed Bur Prisons" (2008). *2008 Decisions.* Paper 863.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/863

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-213                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1161
_____

ANDREW M. KING,

Appellant

v.

FEDERAL BUREAU OF PRISONS; MR. RONNIE R. HOLT, Warden, U.S.P. Canaan
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-02243)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 30, 2008

Before:   BARRY, CHAGARES and ROTH, <u>CIRCUIT JUDGES</u>.

(Opinion filed July 9, 2008)
_____

OPINION
_____

PER CURIAM

        Andrew M. King appeals, pro se, from the order of the United States

District Court for the Middle District of Pennsylvania dismissing his 28 U.S.C. § 2241

habeas corpus petition.  We will summarily affirm the District Court's order.

I.

On January 3, 1997, King, who was then on parole for a New York state sentence, was arrested by New York state troopers while transporting narcotics. Although state narcotics and resisting arrest charges were eventually dropped, New York did issue a parole violator warrant against King on May 19, 1997. On August 27, 1997, King was transferred from New York state custody to federal custody pursuant to a writ *ad prosequendum*. He then pled guilty to the federal racketeering and narcotics charges. On October 4, 1999, the United States District Court for the Eastern District of New York sentenced King to a term of imprisonment of 144 months, which was to run concurrent to a state sentence. On November 8, 1999, King was returned to the physical custody of New York.

New York authorities revoked King's parole on July 11, 2000, and sentenced him to a term of imprisonment of not less than 7 years and not more than 21 years. In calculating his incarceration period, the state authorities awarded him prior custody credit from the issuance of the state parole violator warrant on May 19, 1997, through July 10, 2000, which was the day before the state's revocation of parole. King was then paroled from his state sentence on March 24, 2006, and he was remanded to federal custody in order to serve out his federal sentence. In calculating his sentence, the Federal Bureau of Prisons ("BOP") did not give King credit for the time period already credited by state authorities against his state parole sentence.

Naming the federal warden as respondent, King filed a federal habeas petition

2

under 28 U.S.C. § 2241 with the District Court (M.D. Pa. Civ. No. 07-cv-00375). He challenged the BOP's credit calculation and claimed that he was entitled to credit for the entire time he spent in federal custody under the writ *ad prosequendum*. On July 11, 2007, the District Court denied his petition on the merits. According to the District Court, the BOP did not err in its calculation, and 18 U.S.C. § 3585(b) precluded any federal credit for the same time period previously credited against his state parole sentence. We affirmed the denial on November 9, 2007. See King v. Lindsay, 254 F. App'x 135 (3d Cir. 2007) (per curiam) (not precedential).

On December 11, 2007, King executed another § 2241 petition. On December 28, 2007, the District Court sua sponte dismissed King's habeas petition "as a second or successive petition under 28 U.S.C. § 2244(b)." (12/28/07 Order at 1.) King filed a timely notice of appeal.[1]

## II.

The District Court dismissed King's *second* federal habeas petition pursuant to 28 U.S.C. § 2244(b). However, this "gatekeeping" provision generally does not apply to petitions for habeas relief filed pursuant to 28 U.S.C. § 2241. See, e.g., Zayas v. INS, 311 F.3d 247, 255 (3d Cir. 2002). Instead, second or successive § 2241 petitions are governed by the "abuse of the writ" doctrine. Id. at 256-58 We, however, need not determine

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 126-27 (3d Cir. 2002).

3

whether King's second habeas petition was actually barred by the doctrine because the claims raised in his second petition clearly lack any merit. See, e.g., Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) ("We may affirm the district court on any ground supported by the record." (citation omitted)). Because his appeal thereby fails to present a substantial question, we will summarily affirm the District Court's dismissal of his second habeas petition pursuant to Third Circuit Local Appellate Rule 27.4 and I.O.P. 10.6.

In his second petition filed with the District Court and now on appeal, King has essentially attempted to re-characterize his previously unsuccessful sentencing calculation claims by alleging unconstitutional detention arising out of the BIA's supposed "misinterpretation" of 18 U.S.C. § 3585(b). Claiming that he had misunderstood the governing legal principles in his first habeas proceedings, he has apparently asserted that his claims are based on the theory that he previously "served time on a federal sentence" as opposed to any alleged entitlement on his part to "credit" that may be granted or "disallowed" at the BOP's own discretion. (Appellant's Informal Br. at 5.) However, his new theories still fail to establish that the BOP either misinterpreted the statutory provision or otherwise violated his federal constitutional rights.

With respect to his federal custody pursuant to a writ *ad prosequendum*, the District Court expressly concluded in its denial of the first habeas petition that King himself remained in the "primary custody" of New York state authorities. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002); Rios v. Wiley, 201 F.3d 257,

4

274 (3d Cir. 2000). Once King completed his state parole sentence on March 24, 2006, and was returned to federal custody, the BOP satisfied its statutory obligations by computing his federal sentence and ascertaining whether he was entitled to any "credit" towards his sentence. <u>See, e.g.</u>, <u>United States v. Wilson</u>, 503 U.S. 329, 331-37 (1992); <u>Ruggiano</u>, 307 F.3d at 126; <u>Rios</u>, 201 F.3d at 263, 269. Section 3585(b) specifically governs the award of "credit" for a defendant's incarceration prior to the commencement of the federal sentence:

> (b) Credit for prior custody.-- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis omitted and added). Accordingly, as we expressly stated in affirming the District Court's denial of the initial habeas petition, "a defendant can only receive credit towards a federal sentence for prior custody 'that has not been credited against another sentence.'" <u>King</u>, 254 F. App'x at 135-36 (quoting 18 U.S.C. § 3585(b)).

Although asserting that it was done "solely for state record keeping" purposes (Appellant's Informal Br. at 9), King has failed "to dispute that the time [in question] was credited towards his state sentence for a parole violation." <u>King</u>, 254 F. App'x at 135.

5

Applying the express statutory language, the BOP appropriately refused to credit this time against his federal sentence. See, e.g. Wilson, 503 U.S. at 337. King provides no real support for his claims that such a straightforward application of clear statutory language violated his constitutional rights. Likewise, we must reject his unsupported attempt to characterize the dispute here as anything other than a question of "credit" under the applicable statutory provision. He, in essence, has sought the benefit of "double credit," even though "Congress [itself] made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337; see also, e.g., Rios, 201 F.3d at 271-73. We therefore must conclude that the BOP committed no reversible error in its sentencing calculations.

III.

For the foregoing reasons, we will summarily affirm the District Court's dismissal of King's habeas petition.